FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2012 MAY 15 AM 11: 27
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

AL RICO MAPP, : CIVIL ACTION NO.: CV612-024
　　　　　　Plaintiff, :
　　v. :
GEORGIA DEPARTMENT OF :
CORRECTIONS; STEVE UPTON;
JOE BURNETTE; DANE DASHER; :
and JAMIE ANDERSON, :
　　　　　　Defendants. :

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Al Rico Mapp ("Plaintiff"), an inmate currently incarcerated at Baldwin State Prison[1] in Hardwick, Georgia, filed an action pursuant to 42 U.S.C. §§ 1983 and 1988, by and through his counsel, Tamika Hrobowski-Houston. He alleges constitutional violations during his incarceration at Georgia State Prison in Reidsville, Georgia. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 and 1915A. 28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary

---

[1] See http://www.dcor.state.ga.us/InmateInfo/InmateInfo.html

AO 72A
(Rev. 8/82)

damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Court of Appeals for the Eleventh Circuit interpreted the language contained in § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. Although the court in Mitchell interpreted § 1915(e), its interpretation guides this Court in applying the identical language of § 1915A.

Plaintiff alleges that he was physically assaulted by Defendant Jamie Anderson ("Anderson"). Plaintiff claims that Anderson snatched his handcuffs and forcefully pushed him forward. Plaintiff alleges that Anderson then snatched back on his handcuffs and tried to shove him back into his cell causing him to fall. Plaintiff alleges that Anderson punched him in the face more than once and then head butted him in the mouth and face. Plaintiff claims that his leg was caught in his cell door as Anderson repeatedly stomped and kicked his leg. Plaintiff avers that Anderson's alleged actions served no legitimate penological interest. Plaintiff notes that he had recently submitted a grievance regarding Anderson improperly withholding his breakfast. Plaintiff names as Defendants in this case: Anderson, the Georgia Department of Corrections; Steven Upton ("Upton"), Warden; Joe Burnette ("Burnette"), Deputy Warden; and Dane Dasher ("Dasher"), Deputy Warden.

AO 72A
(Rev. 8/82)

A plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id.

Plaintiff fails to make any factual allegations that Upton, Burnette, Dasher, or the Georgia Department of Corrections were involved in any way with Anderson's alleged use of excessive force. "Section 1983 will not support a claim based on a *respondeat superior* theory of liability." Marsh v. Butler Cnty., Ala., 268 F.3d 1014, 1035 (11th Cir. 2001) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981)). Plaintiff does allege that "[t]here have been various incidents involving correctional officers at the Georgia State Prison using excessive force in dealing with inmates." (Doc. No. 1, p. 5). Seemingly, Plaintiff intended to argue that Defendants knew that their subordinate would act unlawfully, one method of establishing a causal connection for the purpose of pleading supervisory liability. See Young v. Nichols, 398 F. App'x 511, 515 (11th Cir. 2010). However, Plaintiff has not alleged any facts tending to show that there have been various incidents of excessive force at Georgia State Prison. Finally, Plaintiff makes conclusory allegations regarding all Defendants' "deliberate indifference in inflicting, and allowing to be inflicted, serious physical injury and mental anguish upon Plaintiff," (Doc. No. 1, p. 6), and all Defendants' "deliberate indifference to Plaintiffs' conditions of confinement," (Doc. No. 1, p. 8). However, Plaintiff has not alleged any

3

facts tending to show that Defendants Upton, Burnette, Dasher, or the Georgia Department of Corrections "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995) (citations omitted). Plaintiff has not shown that he is entitled to relief against Defendants Upton, Burnette, Dasher, or the Georgia Department of Corrections for any constitutional violation. As a result, all allegations against Defendants Upton, Burnette, Dasher, and the Georgia Department of Corrections should be **DISMISSED**. As to Anderson, based on the face of Plaintiff's Complaint, it is not possible to conclude that Anderson acted with deliberate indifference to any serious medical need of Plaintiff because Plaintiff makes no allegations regarding the medical attention he received for his alleged injuries.[2] Plaintiff's allegation against Anderson for deliberate indifference should be **DISMISSED**.

Plaintiff asserts that the Defendants' alleged deliberate indifference "deprived the Plaintiff of his rights as guaranteed by the Fourteenth Amendment to the United States Constitution." (Doc. No. 1, p. 7). However, as determined in the preceding paragraph, Plaintiff has failed to state a claim against Defendants' for deliberate indifference. As a result, Plaintiff's derivative claim that the Defendants' alleged deliberate indifference "deprived [him] of his rights as guaranteed by the Fourteenth Amendment" should also be **DISMISSED**.

Plaintiff titles Count Two of his Complaint "<u>DUE PROCESS CRUEL AND UNUSUAL PUNISHMENT</u>." Plaintiff fails to allege that the alleged actions of

---

[2] To the extent that Plaintiff intended to allege that Anderson's alleged use of force itself constituted deliberate indifference to Plaintiff's serious medical needs, that claim is more appropriately characterized as a claim for the use of excessive force. See generally Pourmoghani-Esfahani v. Gee, 625 F. 3d 1313 (11th Cir. 2010).

4

Defendants violated his due process rights. Instead, Plaintiff only avers that the alleged conduct "constitute[s] cruel and unusual punishment under the Eighth Amendment to the Constitution of the United States, as enforced against states through the 14th Amendment[.]" (Doc. No. 1, p. 9). Plaintiff's Complaint should not be served for due process violation because he did not allege a due process violation despite the heading of Count Two. To the extent Plaintiff tried to state a claim for violation of his due process rights, such a claim should be **DISMISSED** for failure to actually state it.

Plaintiff asserts numerous state law torts against all Defendants. Under the Georgia Tort Claims Act ("GTCA"), "[a] state officer or employee who commits a tort while acting within the scope of his or her official duties or employment is not subject to lawsuit or liability therefor." O.C.G.A. § 50-21-25(a). As a result, Defendants are immune from suit in their individual capacities, and Plaintiff's state law tort claims against all Defendants in their individual capacities should be **DISMISSED**.[3]

"A suit against an official in his or her official capacity is not a suit against the official but is rather a suit against the official's office." Love v. Tift Cnty., Ga., 2010 WL 1257998, *6 (M.D. Ga. 2010) (quoting Smith v. Allen, 502 F.3d 1255, 1275 (11th Cir. 2007)). "A suit for money damages against a state officer in his official capacity is therefore a suit against the state and is barred by the Eleventh Amendment." Id. (citing Jackson v. Ga. Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994)). The GTCA provides a limited waiver of the State's sovereign immunity for actions alleging torts committed by state officers or employees; however, it does not waive the State's sovereign immunity for tort actions brought against the State in federal court. O.C.G.A.

---

[3] It should also be noted that as to Defendants Upton, Burnette, Dasher, and the Georgia Department of Corrections, against whom Plaintiff has failed to state a claim for any constitutional violations, the Court lacks jurisdiction over Plaintiff's state law tort claims. See 28 U.S.C. §§ 1331, 1332, 1367.

5

§ 50-21-23(b). As a result, Defendants are immune from suit in federal court in their official capacity, and Plaintiff's state law tort claims against all Defendants in their official capacities should be **DISMISSED**. Additionally, Plaintiff's claims for constitutional violations against Defendant Anderson in his official capacity should be **DISMISSED**.

The Eighth Amendment's prohibition against the use of cruel and unusual punishment governs the amount of force that a prison official is entitled to use. Campbell v. Sikes, 169 F.3d 1353, 1374 (11th Cir. 1999). To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic purpose to inflict harm, and (2) that more than a de minimis injury resulted. Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002).

The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). To state a claim for retaliation the inmate must establish that: "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Id. (citation omitted).

Plaintiff's allegations, when read in a light most favorable to Plaintiff, arguably state colorable claims for relief under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A against Anderson for the use of excessive force and for retaliation. A copy of Plaintiff's Complaint and a copy of this Order shall be served upon Defendant Anderson by the United States Marshal without prepayment of cost. If Defendant elects to file a Waiver

of Reply, then he must file either a dispositive motion or an answer to the complaint within thirty (30) days of the filing of said Waiver of Reply.

**INSTRUCTIONS TO DEFENDANT**

Since the Plaintiff is authorized to proceed *in forma pauperis*, service must be effected by the United States Marshal. FED. R. CIV. P. 4(c)(2). In most cases, the marshal will first mail a copy of the complaint to the Defendant by first-class mail and request that the Defendant waive formal service of summons. FED. R. CIV. P. 4(d); Local Rule 4.5. Individual and corporate defendants have a duty to avoid unnecessary costs of serving the summons, and any such defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. FED. R. CIV. P. 4(d)(2). Generally, a defendant who timely returns the waiver is not required to answer the complaint until sixty (60) days after the date that the marshal sent the request for waiver. FED. R. CIV. P. 4(d)(3).

IT IS FURTHER ORDERED that Defendant is hereby granted leave of court to take the deposition of the Plaintiff upon oral examination. FED. R. CIV. P. 30(a). The Defendant shall ensure that the Plaintiff's deposition and any other depositions in the case are taken within the 140-day discovery period allowed by this Court's local rules. Local Rule 26.1(d)(i).

In the event Defendant takes the deposition of any other person, Defendant is ordered to comply with the requirements of Federal Rule of Civil Procedure 30 as set forth herein. As the Plaintiff will likely not be in attendance for such a deposition, the Defendant shall notify Plaintiff of the deposition and advise him that he may serve on

AO 72A
(Rev. 8/82)

the Defendant, in a sealed envelope, within ten (10) days of the notice of deposition, written questions the Plaintiff wishes to propound to the witness, if any. The Defendant shall present such questions to the witness seriatim during the deposition. FED. R. CIV. P. 30(c).

**INSTRUCTIONS TO PLAINTIFF**

IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon his attorney, a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to Defendant or counsel. FED. R. CIV. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number[.]" FED. R. CIV. P. 10(a). Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a caption or a certificate of service will be disregarded by the Court and returned to the sender.

Plaintiff is charged with the responsibility of immediately informing this Court and defense counsel of any change of address during the pendency of this action. Local Rule 11.1. Failure to do so may result in dismissal of this case.

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from Defendant, Plaintiff must initiate discovery. See generally FED. R. CIV. P. 26, *et seq.* Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery

promptly and complete it within 140 days after the filing of the answer. Local Rule 26.1(d)(i).

Interrogatories are a practical method of discovery for incarcerated persons. See FED. R. CIV. P. 33. Interrogatories may be served only on a <u>party</u> to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are not <u>named</u> as Defendants. Interrogatories <u>shall not be filed with the court</u>. Local Rule 26.6. Interrogatories are not to contain more than twenty-five (25) questions. FED. R. CIV. P. 33(a). If Plaintiff wishes to propound more than twenty-five (25) interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for the Defendant and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. FED. R. CIV. P. 26(c); 37(a)(2); Local Rule 26.5. Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty ($.50) cents per page.

If Plaintiff does not press his case forward, the court may dismiss it for want of prosecution. FED. R. CIV. P. 41; Local Rule 41.1.

It is the Plaintiff's duty to cooperate fully in any discovery which may be initiated by the Defendant. Upon no less than five (5) days' notice of the scheduled deposition date, the Plaintiff shall appear and permit his deposition to be taken and shall answer, under oath or solemn affirmation, any question which seeks information relevant to the

9

subject matter of the pending action. Failing to answer questions at the deposition or giving evasive or incomplete responses to questions will not be tolerated and may subject Plaintiff to severe sanctions, <u>including dismissal of this case</u>.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report and is <u>required</u> to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the court.

**ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within fourteen (14) days of its service. "Failure to respond shall indicate that there is no opposition to a motion." Local Rule 7.5. Therefore, if you fail to respond to a motion to dismiss, the Court will assume that you do not oppose the Defendant's motion.

Your response to a motion for summary judgment must be filed within twenty-one (21) days after service of the motion. Local Rules 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in the Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. Should the Defendant file a motion for summary judgment, you are advised that you will have the burden of establishing the existence of a genuine issue as to any material fact in this case. That burden cannot be carried by reliance on the conclusory allegations

contained within the complaint. Should the Defendant's motion for summary judgment be supported by affidavit, you must file counter-affidavits if you desire to contest the Defendant's statement of the facts. Should you fail to file opposing affidavits setting forth specific facts showing that there is a genuine issue for trial, the consequences are these: any factual assertions made in Defendant's affidavits will be accepted as true and summary judgment will be entered against the Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED and REPORTED AND RECOMMENDED**, this 15th day of May, 2012.

_____
JAMES E. GRAHAM
UNITED STATE MAGISTRATE JUDGE

11